UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


DRY CREEK LANDFILL, INC., an Oregon
corporation,

        Plaintiff,                                      Civil No. 04-3029-ST

     v.                                                O R D E R

WASTE SOLUTIONS GROUP, INC., a California
corporation,
        Defendant.


HAGGERTY, Chief Judge:

On July 28, 2005, Magistrate Judge Stewart issued a Findings and Recommendation (Doc. # 70) recommending that defendant's Motion for Summary Judgment (Doc. # 20) should be granted and plaintiff's Motion for Summary Judgment (Doc. # 33) should be denied. Plaintiff filed timely objections to the Findings and Recommendation (Doc. # 76).

This matter is now before the court pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report.

1 -- ORDER

28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendation, the objections, and the record. Magistrate Judge Stewart's reasoning and recommendations are sound, correct, and entitled to adoption.

## **FACTUAL AND PROCEDURAL BACKGROUND**

The factual history of this litigation was recited thoroughly in the Magistrate Judge's Findings and Recommendation. Only portions applicable to the plaintiff's objections are repeated here.

This action involves the interpretation of the contractual relationship between plaintiff Dry Creek Landfill, Inc. (Dry Creek), and defendant, Waste Solutions Group, Inc. (WSG). In 1998, WSG entered into a fifteen-year contract for waste transfer services (1998 Transfer Contract) with the Humboldt County Waste Management Authority (HCWMA)[1] in Humboldt County, California. WSG also entered into a contract with Dry Creek allowing WSG to dispose of any waste from Humboldt County at the Dry Creek Landfill in Medford, Oregon (Disposal Contract). The Disposal Contract was "co-terminous" with the 1998 Transfer Contract and provided that if the 1998 Transfer Contract terminates for any reason, the Disposal Contract also terminates.

Dry Creek seeks a declaratory judgment that the Disposal Contract had been terminated

---

[1] The HCWMA subsequently assigned its interest in the 1998 Transfer Contract to the Humboldt Waste Management Authority (HWMA). For clarity, the court will refer to this entity as HWMA.

because the 1998 Transfer Contract had been "replaced and superseded" by two subsequent amendment contracts entered into by WSG and HWMA in 2000 and 2003. WSG denies that Dry Creek is entitled to this declaration because the 1998 Transfer Contract remains in full force and effect and has never been terminated by the 2000 or 2003 amendment contracts. WSG filed a Motion for Summary Judgment, to which Dry Creek responded with its Motion for Summary Judgment.

## DISCUSSION

Plaintiff submits five objections to the Findings and Recommendation (F & R). This court will address those objections in turn.

### 1. Exceptions to the parol evidence rule.

Plaintiff's first objection asserts correctly that the 1978 statutory amendment to California Civil Code § 1856 omitted the stranger exception to the parol evidence rule. Prior to the 1978 amendment, California Civil Code § 1856 did not provide standing for strangers in a contract to invoke the parol evidence rule. Subsequent California case law recognizes the express intent of the California legislature to effect this change in the statute. *See*, *Kern Co. Water Agency v. Belridge Water Storage Dist.*, 18 Cal. App. 4th 77, 87 (1993); *Neverkovec v. Fredericks*, 74 Cal. App. 4th 337, n.8 (1999). Plaintiff argues that the F & R errs because it ignores the 1978 amendment.

Plaintiff's argument misinterprets the foundation upon which the F & R rests. Neither the effect of the 1978 amendment, nor Dry Creek's possible status as a stranger,[2] was the basis for

---

[2] Neither WSG nor the F & R asserts that Dry Creek is a stranger to the contractual relationships between WSG and HWMA for the purposes of resolving the parol evidence issue here. To the contrary, both WSG and the F & R acknowledge that Dry Creek is an interested

3 -- ORDER

the F & R's analysis of the parol evidence objections at issue.

The F & R's reasoning is based correctly on Dry Creek's status as a third party to the 1998 Transfer Contract and its third-party claims that the contract has been terminated or nullified by an express novation. As discussed below, this court agrees with the F & R regarding the parol evidence issue when a third party claims an express novation under California law.

2. **The factual distinctions between this case and *Meadows v. Lee* do not diminish *Meadows*' applicability to the parol evidence issue.**

Plaintiff contends that the F & R's reliance upon *Meadows v. Lee,* 175 Cal. App.3d 475 (1985), is misplaced. Plaintiff argues that the absence of an integration clause in *Meadows* distinguishes it from this case because two integration clauses exist here. Similarly, plaintiff contends that the F & R erroneously relies on *Meadows* because that court did not expressly state that it was creating an exception to the parol evidence rule.

The proffered factual differences between *Meadows* and this case do not diminish the guidance provided by that ruling. The court in *Meadows* held that extrinsic evidence may be used to prove the intent of original contracting parties where a third-party plaintiff claims that a novation has occurred between those contracting parties.[3] The similarities between *Meadows* and the facts in this case support applying that court's ruling to the present dispute between Dry Creek and WSG. As here, the *Meadows* court dealt squarely with a particular factual scenario:

---

third party to all relevant contracts. Accordingly, Dry Creek's third objection that it is not "a stranger" to the contractual relationships between WSG and HWMA is overruled.

[3] Plaintiff also points to other factual dissimilarities in order to distinguish *Meadows* and discount its applicability (e.g., *Meadows* involved "back-up" real estate purchase contracts). These other factual distinctions do not render the crucial principle articulated by the *Meadows* court inapplicable.

4 -- ORDER

1) a third-party plaintiff, 2) attempting to terminate a contract, 3) through a claim of express novation, 4) between original parties, 5) who contend that no such termination was intended or occurred.

When a third party claims that original contracting parties intended to terminate – rather than to amend and republish – an existing agreement, the sole issue to be decided (if fraud or collusion is absent) is the intent of the contracting parties relative to the contractual relationship between each other. *Meadows*, 175 Cal. App.3d at 484. The *Meadows* court held that a third party attempting to establish a novation between original contracting bears a heavy burden. *Id.* at 483. This burden includes a requirement that the original parties' intent to extinguish, rather than to modify, the original agreement must be clear from the evidence. *Howard v. Co. of Amador*, 220 Cal. App.3d 962, 997 (3rd Dist. 1990).

Acknowledging the burden facing third-party plaintiffs in novation claims, the *Meadows* court held in favor of the original contracting parties. Here, the F & R found in favor of WSG and HWMA, as the original contracting parties to the 1998 Transfer Contract, and correctly followed the applicable California law relative to a third-party novation claim. As in *Meadows*, there is a third-party plaintiff (Dry Creek), who claims that a contract between original parties (WSG and HWMA) has been terminated due to a novation (i.e., the 2000 and 2003 amendment contracts). Both WSG and HWMA claim that their intent in creating the 2000 and 2003 amendment contracts was not to terminate or cancel the 1998 Transfer Contract, but rather to amend the prior contract. Given this, the F & R's reliance upon *Meadows* was sound.

Plaintiff further contends that the *Meadows* decision stands for upholding the parol evidence rule, and not carving an exception into the rule. Specifically, plaintiff argues that the

*Meadows* court silently affirmed certain evidentiary objections sustained by the trial court that invoked the parol evidence rule.

However, the court in *Meadows* did not rule on the sustained objections based on parol evidence grounds. Rather, the court noted that "the . . . evidentiary issues raised on appeal . . . were for the most part correctly ruled upon. Those . . . which were questionable would in no way have been prejudicial to the [third-party challenging claiming a novation]." *Meadows*, 175 Cal. App.3d at 485.

This court agrees with the F & R's finding that *Meadows* articulates the applicable standard regarding the parol evidence rule where, as here, a third party to a contract claims that an express novation has occurred. This court also concludes that the F & R correctly evaluated the extrinsic evidence to interpret the original parties' intent in creating the 2000 and 2003 amendments.

**3. WSG's alleged fraudulent conduct in convincing HWMA to sign the 2003 Agreement does not preclude it from offering parol evidence to prove its intent behind creating the 2000 and 2003 amendment contracts.**

Plaintiff also objects to the F & R on the grounds that WSG deceived HWMA by stating that plaintiff knew of WSG's intent to add the Anderson landfill as an additional disposal site. Plaintiff contends that the F & R erred because such deception constitutes fraud sufficient to preclude the application of *Meadows*. This court disagrees.

In *Meadows*, the court stated that "where (1) neither fraud nor collusion is shown, . . . a trial court may properly rule in favor of the original contracting parties on the ground that they were, in fact, the original contracting parties." *Meadows*, 175 Cal. App.3d at 483. The *Meadows* court concluded that evidence of fraud or collusion on the part of the original contracting parties

relative to the third-party plaintiff did not exist. *Id*. at 484.

Similarly, no evidence of fraud or collusion between WSG and HWMA against Dry Creek exists here. Any alleged failure by WSG to disclose certain facts to HWMA fails to constitute fraud or collusion sufficient enough to distinguish this case from *Meadows*.

### 4. The F & R properly weighs disputed evidence.

Last, plaintiff contends that the F & R weighed disputed facts improperly, thereby departing from well-established burdens for summary judgment motions. This objection is overruled.

WSG, as the moving party, bears the initial burden of establishing the absence of a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986). As articulated by *Meadows*, the parties' intent to create a novation is crucial in this case. This court agrees with the F & R that WSG satisfied this burden by proffering testimony from representatives of both WSG and HWMA establishing that neither party intended the 2002 and 2003 amendment contracts to terminate or supercede the 1998 Transfer Contract. Having satisfied this initial threshold, the burden then shifted to plaintiff, the non-moving party who bears the burden of proof at trial, to make a showing sufficient to establish a genuine dispute of fact necessary to its claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

Here, aside from the integration clause in both the 2000 and 2003 amended agreements, plaintiff proffers insufficient evidence to establish that WSG and HWMA intended the amendment agreements to be a novation. Plaintiff fails to identify sufficient facts to create a genuine dispute regarding the intent element necessary to its novation claim.

*Id.* Accordingly, plaintiff fails to meet the burden necessary to preclude summary judgment.

**CONCLUSION**

For the reasons provided above, plaintiff's objections (Doc. # 76) are OVERRULED. The Judge's Findings and Recommendations (Doc. # 70) is ADOPTED. Defendant's Motion for Summary Judgment (Doc. #20) is GRANTED, and plaintiff's Motion for Summary Judgment (Doc. #33) is DENIED.

IT IS SO ORDERED.

Dated this 14 day of November, 2005.

                                                /s/Ancer L.Haggerty

                                                Ancer L. Haggerty
                                         United States District Judge